UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FARROW, et al., | Case No. 12-cv-06495-JCS |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT WITHOUT PREJUDICE** |
| v. | |
| ROBIN LIPETZKY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiffs John Farrow ("Farrow") and Jerome Wade ("Wade") (collectively, "Plaintiffs") brought this putative class action against Defendant Robin Lipetzky, in her official capacity as the Contra Costa County Public Defender ("Defendant").  Plaintiffs allege causes of action (1) under 42 U.S.C. § 1983 for (a) violation of the Sixth Amendment to the United States Constitution; and (b) violations of the Fourteenth Amendment to the United States Constitution; (2) under the Unruh Act for violation of their statutory speedy trial rights; and (3) for violation of California Government Code § 27706.  Presently before the Court is Defendant's Motion to Dismiss the Complaint ("Motion").  The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  This Motion raises two related questions.  First, does the failure to provide counsel at an initial appearance (at which the only events that occur are the provision of a copy of the charges to the defendant, the inquiry as to whether the defendant desires appointed counsel, and the continuance of the matter to allow for appointment of counsel) violate the Sixth Amendment guarantee of counsel in a criminal case?  Second, where the matter is continued for 5 to 13 days, at which time counsel appears with the defendant, does the delay in appointment of counsel violate the Sixth Amendment?  Because the Court answers both questions in the negative, the Motion is GRANTED and the Complaint is dismissed with leave to amend.

//

## II.    REQUEST FOR JUDICIAL NOTICE

The standard for judicial notice is set forth in Rule 201 of the Federal Rules of Evidence, which allows a court to take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  As a general rule, the court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  However, the court may "consider materials that are submitted with and attached to the Complaint." *Id*. at 999. The court "may also consider unattached evidence on which the complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." *Id*. at 999 (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  In addition, the court may take judicial notice of "matters of public record," but not facts that may be "subject to reasonable dispute." *Id*. (citing *Lee*, 250 F.3d at 689).

Defendant seeks judicial notice of two facts on the basis of five public records. Defendant's Request for Judicial Notice ("RJN"), 1-2; Corrected Declaration  of D. Cameron Baker in Support of Defendant's Motion to Dismiss ("Baker Declaration"), Exs. A-E.  The five public records are:  (1) the "AB 109 Operations Plan for Contra Costa County as Approved and Adopted by the Executive Committee of the Contra Costa County Community Corrections Partnership Adopted November 9, 2012;" (2) a Position Adjustment Request from the official files of the Contra Costa County Board of Supervisors for funding for two full-time Deputy Public Defender Positions and one full-time Paralegal Position, signed with Board approval on January 15, 2013; (3) an order dated January 15, 2013 approving the "2012/13 AB 109 Criminal Justice Realignment Implementation Plan" from the official records of the Contra Costa County Board of Supervisors; (4) an affidavit, from the Contra Costa County Office of the Public Defender in the matter entitled *People v. Farrow*, Contra Costa County Superior Court No. 01-15531-7, in which Christopher Martin is appointed to represent John Howard Farrow; and (5) a minute order dated

November 21, 2011 from the Contra Costa Superior Court file entitled *People v. Wade*, Case No. 5-121217-4, stating that Jerome Edward Wade appeared with his attorney "Martin."  Baker Declaration, ¶¶ 3-7, Exs. A-E.  The two facts are:  (1) Defendant now "has funding to have attorneys present at the initial court appearance for criminal defendants;" and (2) that "Christopher Martin, one of Plaintiffs' attorneys in this case, was counsel of record for both Plaintiffs in their underlying criminal proceedings."  RJN, 1.

Plaintiffs oppose judicial notice.  Plaintiffs' Opposition to Motion to Dismiss ("Opposition"), 7-9.  In particular, Plaintiffs contest whether the apparent acquisition of funding for two additional public defender positions is sufficient to provide representation of indigent defendants in misdemeanor and felony cases at three courthouses in Contra Costa County.  *Id.* at 8.  The Court takes judicial notice of the five documents as public records.  The Court cannot take judicial notice of the inference that Defendant now has adequate funding to have attorneys present at the initial court appearance for all criminal defendants.  Although the noticed documents indicate that Defendant has obtained funding for two Deputy Public Defender positions and one Paralegal position to "[p]rovide for early representation of arrestees at the first Court appearance," whether that funding is adequate is subject to reasonable dispute.  As to whether Plaintiffs' counsel also represented them in their criminal proceedings, neither party has made any argument relying on that asserted fact and the Court does not rely on it in resolving this Motion.

## III.   BACKGROUND

### A.   Complaint

Plaintiffs allege that indigent, in-custody criminal defendants in Contra Costa County are customarily left in jail without counsel for 5 to 13 days after their first court appearance. Complaint, ¶ 1.  Plaintiffs allege that, in the first court appearance, which is "dubbed 'arraignment,'" no plea is taken, bail is not examined, and counsel is not appointed.  *Id.* at ¶ 2. Plaintiffs allege that this is a result of Defendant's policy:

> At the first court appearance (arraignment) when given a copy of the charges – or when questioned in police custody before arrest or charges are brought – a person may request representation by an attorney.  At the arraignment or first appearance, persons out of

custody will be referred to our office and given a date to return to court with an attorney. Persons in custody will be given a court date and will be visited at the jail by staff from the Department before the next court date.

*Id.* at ¶ 3-4, Ex. A.  Plaintiffs allege that referral to a public defender at the first court appearance results in an automatic continuance, customarily between 5 and 13 days, for "further arraignment." *Id.* at ¶¶ 4, 6.  Plaintiffs allege that this delays the activation of their state statutory speedy trial rights, because those rights run from the entry of plea. *Id.* at ¶ 7.

Plaintiffs allege that Farrow was arrested on August 30, 2012. *Id.* at ¶ 29.  Thereafter, Farrow appeared alone in court for his arraignment on September 2, 2012. *Id.* at ¶ 30.  The court asked Farrow if he could afford counsel, and Farrow replied that he could not. *Id.* at ¶ 31.  The court asked Farrow if he wanted the court to appoint counsel, and Farrow said that he did. *Id.*  The court then referred the matter to the Public Defender and continued the matter to September 15, 2012 for "further arraignment" without advising Farrow of his right to bail or his right to a speedy preliminary hearing and trial. *Id.*  Farrow remained in jail without examination of bail, legal representation, or statutory speedy trial rights until the "further arraignment," at which counsel was appointed and Farrow entered his plea. *Id.* at ¶¶ 31-32.

Plaintiffs allege that Wade was arrested on November 8, 2012.[1] *Id.* at ¶ 33.  Wade appeared at court alone for his arraignment on November 14, 2011. *Id.* at ¶ 34.  The court asked Wade if he could afford counsel, and he replied that he could not. *Id.* at ¶ 35.  The court asked Wade if he wanted the court to appoint counsel, and Wade replied that he did. *Id.*  The court referred the matter to the Public Defender and continued the matter to November 21, 2011 for "further arraignment" without advising Wade of his right to bail or his right to a speedy preliminary hearing and trial. *Id.*  Wade remained in jail without examination of bail, the protection of the statutory speedy trial rights, or legal representation until the "further arraignment," at which counsel was appointed and Wade entered his plea. *Id.* at ¶¶ 35-36.

Plaintiffs allege that Farrow and Wade represent a class of indigent, in-custody criminal defendants in Contra Costa County that asked for appointment of the Public Defender, suffered an

---

[1] Consistent with the remainder of the Complaint, it appears that Plaintiffs intended to allege that Wade was arrested on November 8, 2011.

automatic continuance of between 5 and 13 days as a consequence of asserting their right to appointed counsel without any knowledge of their bail rights or statutory speedy trial rights, were deprived of counsel between 5 and 13 days, and were deprived of their statutory speedy trial rights and their right to a prompt bail hearing during the 5 to 13 day period. *Id.* at ¶ 41.  Plaintiffs further allege that the putative class was deprived of said rights pursuant to the Public Defender's written policy, that the Public Defender maintains written records with regard to each Plaintiff, and that the Public Defender knew that the actions alleged in the Complaint violated state and federal law when she committed said actions. *Id.*

Plaintiffs allege six causes of action:

(1)    Violation of the Sixth Amendment of the U.S. Constitution:  Plaintiffs allege that Defendant's failure to represent Plaintiffs at their first appearance, or a reasonable time thereafter, violated their Sixth Amendment right to the assistance of court appointed counsel. *Id.* at ¶ 47. Plaintiffs allege that they are entitled to recover damages pursuant to 42 U.S.C. § 1983 because Defendant's actions, taken under the color of law, directly and proximately damaged them. *Id.*

(2)    Violation of the Fourteenth Amendment of the Constitution – Substantive Due Process with Respect to Statutory Speedy Trial Rights:  Plaintiffs allege that Defendant's conduct amounted to deliberate indifference and resulted in denial of Plaintiffs' statutory speedy trial rights without a hearing to determine the cause and reasonableness of the denial in violation of the Fourteenth Amendment. *Id.* at ¶ 50.  Plaintiffs allege that they are entitled to recover damages pursuant to 42 U.S.C. § 1983 because Defendant's actions, taken under the color of law, directly and proximately damaged them. *Id.*

(3)    Violation of the Fourteenth Amendment of the Constitution – Procedural Due Process with Respect to Statutory Speedy Trial Rights:  Plaintiffs repeat the allegations in their second cause of action. *Id.* at ¶ 53.

(4)    Violation of the Fourteenth Amendment – Procedural Due Process with Respect to Application for Bail or Release on Own Recognizance:  Plaintiffs allege that Defendant's deliberate indifference caused them to be denied their right to a prompt bail hearing. *Id.* at ¶ 56. Plaintiffs allege that they are entitled to recover damages pursuant to 42 U.S.C. § 1983 because

5

Defendant's actions, taken under the color of law, directly and proximately damaged them. *Id*.

(5)    Violation of California Civil Code §§ 52 and 52.1:  Plaintiffs allege that Defendant's conduct forced them to sacrifice their statutory speedy trial rights as a precondition to the appointment of counsel, directly and proximately causing them damage. *Id*. at ¶ 59.  Plaintiffs allege that they are entitled to statutory and other damages for these violations under the Unruh Act. *Id*.

(6)    Writ of Mandate to Enforce California Government Code § 27706:  Plaintiffs allege that Defendant's practices violate California Government Code § 27706, which states that the public defender shall represent criminal defendants at all stages of the proceedings. *Id*. at ¶ 62. Plaintiffs allege that they are directly damaged by those policies. *Id*.  Therefore, they seek a writ of mandate compelling the Public Defender to comply with her statutory obligation to represent all indigent, in-custody defendants by appearing at their first appearance or at a reasonable time thereafter. *Id*.

**B.    The Motion to Dismiss**

Defendant argues that Plaintiffs' federal claims are meritless as a matter of law even accepting Plaintiffs' factual allegations as true.  Motion, 5.  Defendant states that the first step in analyzing a Sixth Amendment claim is assessing whether the right to counsel has attached. *Id*. (citing *Rothgery v. Gillespie County, Texas*, 554 U.S. 191, 211-12, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008)).  Defendant contends that, once the right to counsel has attached, the court must determine if the absence of counsel at a subsequent event harmed the criminal defendant. *Id*. (citing *Rothgery*, 554 U.S. at 211-12, 128 S.Ct. 2578, 171 L.Ed.2d 366).  Defendant notes that prejudice is presumed where counsel is absent at a subsequent "critical stage." *Id*. (citing *McNeal v. Adams*, 623 F.3d 1283, 1286 (9th Cir. 2010)).  Defendant argues that there has been no Sixth Amendment violation because the right to counsel attached at the initial court appearance and there has been no subsequent event at which counsel is not present. *Id*. at 5-6.  Defendant asserts that the Sixth Amendment inquiry is focused on whether a defendant was deprived of counsel at a critical stage, not the amount of time it takes to appoint counsel. *Id*. at 7.  Defendant contends that the initial court appearance was not a critical stage. *Id*. at 6-7 (citing *United States v. Perez*, 776

United States District Court
Northern District of California

6

F.2d 797, 800 (9th Cir. 1985); *United States v. Benford*, 574 F.3d 1228, 1232-33 (9th Cir. 2009)).

Second, Defendant attacks both of Plaintiffs' Fourteenth Amendment claims concerning their "statutory speedy trial rights." *Id*. at 7-9. Defendant states that the asserted speedy trial rights, provided in state court, derive from California Penal Code §§ 1049.5 and 1382. *Id*. at 7-8. Defendant contends that, for a Fourteenth Amendment claim to lie, the state statutes must mandate a particular substantive outcome. *Id*. at 8 (citing *Carver v. Lehman*, 558 F.3d 869, 872-875 (9th Cir. 2009), *cert. denied*, *Carver v. Vail*, 558 U.S. 466, 130 S.Ct. 466, 175 L.Ed.2d 313 (2009)). However, Defendant argues that the Court does not need to resolve whether these statutes mandate a particular substantive outcome because Plaintiffs cannot show a violation of the speedy trial statutes. *Id*. This is because, Defendant argues, the speedy trial rights do not attach until arraignment. *Id*. Defendant asserts that "arraignment" includes the reading of the charge and the court asking the defendant for a plea. *Id*. (citing Cal. Penal Code § 988). Defendant argues that arraignment did not occur until the second court appearance, at which point Plaintiffs were represented. *Id*. at 9. Therefore, Defendant concludes, the lack of representation at the first court appearance could not have resulted in a violation of the statutes. *Id*.

Third, Defendant argues that Plaintiff cannot assert a claim under the Fourteenth Amendment based on the alleged denial of a prompt bail hearing because there is no such right. *Id*. at 9-10 (citing *Fields v. Henry County, Tennessee*, 701 F.3d 180, 185 (6th Cir. 2012) for the propositions that there is no Eighth Amendment right to speedy bail and that the state right to be examined in a bail hearing does not establish a liberty interest worthy of protection under the Fourteenth Amendment).

Having addressed each of Plaintiffs' federal claims, Defendant argues that the Court has no subject matter jurisdiction over the remaining state law claims. *Id*. at 10. Should the Court exercise jurisdiction over this case, Defendant contends that the state law claims lack merit. *Id*. First, Defendant asserts that Plaintiffs' claims under California Civil Code §§ 52 and 52.1 are based on the alleged denial of Plaintiffs' speedy trial rights, a theory that is flawed for the reasons stated above. *Id*. Second, Defendant contends that she complies with California Government Code § 27706 by providing counsel at the next hearing following the state court's order of referral.

United States District Court
Northern District of California

1    *Id*.

2        **C.**     **The Opposition**

3       First, Plaintiffs argue that Defendant denied them their Sixth Amendment right to counsel.

4 Opposition, 9-15.  Plaintiffs argue that counsel must be appointed within a reasonable time after

5 attachment to allow for adequate representation at any critical stage before trial, as well as trial

6 itself.  *Id*. at 10 (citing *Rothgery*, 554 U.S. at 212, 128 S.Ct. 2578, 171 L.Ed.2d 366).  Plaintiffs

7 assert that the critical stage analysis is jurisdiction specific.  *Id*. at 14 (citing *Hamilton v. Alabama*,

8 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961)).  Plaintiffs argue that, in California,

9 arraignment and ensuing time period preceding trial are critical stages.  *Id*. at 12 (citing *United

10 States v. Hamilton*, 391 F.3d 1066, 1070 (9th Cir. 2004)).  Plaintiff states that the Ninth Circuit

11 applies a three-factor test for determining a critical stage, considering whether:  (1) failure to

12 pursue strategies or remedies results in the loss of significant rights; (2) skilled counsel would be

13 useful in helping the accused understand the legal confrontation; and (3) the proceeding tests the

14 merits of the accused's case.  *Id*. at 12-13 (citing  *Benford*, 574 F.3d 1228).  Plaintiffs argue that

15 Defendant's absence at the initial court appearance forced Plaintiffs to (1) forego their right to

16 enter a plea at arraignment; (2) forego examination regarding whether bail was excessive; (3)

17 forego applying for lower bail or release on their own recognizance; (4) allow a continuance in

18 violation of California Penal Code § 1050, which provides the right to a preliminary hearing at the

19 earliest possible time; (5) forego their right to an immediate probable cause hearing when charged

20 with a misdemeanor; (6) forego all investigation and preparation of their cases while they waited

21 in jail; and (7) forego examination for diversion.  *Id*. at 13.  Plaintiffs argue that this satisfied the

22 *Benford* criteria.  *Id*.

23       Moreover, Plaintiffs assert that Defendant violated their Sixth Amendment rights when it

24 required them to wait in jail for 5 to 13 days as a precondition to the appointment of counsel.  *Id*.

25 at 10.  Plaintiffs contend that appointment of counsel was necessary in the days between hearings

26 as the only possible means of asserting pretrial rights and investigation in preparation for trial.  *Id*.

27 Plaintiffs argue that the time they remained in custody awaiting their next court appearance was a

28 critical stage of the trial for this reason.  *Id*. at 10-11.  Plaintiffs express concern that, if

8

United States District Court
Northern District of California

1   Defendant's arguments are accepted, there would be no violation of law if Defendant delayed

2   coming to court for a prolonged period after the first appearance. *Id*. at 11.

3          Second, Plaintiffs argue that Defendant violated their Fourteenth Amendment due process

4   right to a speedy trial. *Id*. at 15-18. Plaintiffs state that, pursuant to California Penal Code § 1050,

5   criminal defendants have a right to a preliminary hearing and a trial at the earliest possible time,

6   and that the criminal cases may only be continued upon a showing of good cause. *Id*. at 15.

7   Plaintiffs argue that Defendant's policy resulted in continuance without Plaintiffs' becoming

8   aware of their rights or any showing of good cause. *Id*. Plaintiffs contend that the failure to

9   provide enough public defenders in such a way that forces the indigent to choose between the right

10  to a speedy trial and the right to representation of competent counsel denies their right to a speedy

11  trial. *Id*. at 15-16 (citing *People v. Johnson*, 26 Cal.3d 557, 571, 162 Cal.Rptr. 431, 606 P.2d 738

12  (1980)). Plaintiffs assert that California Penal Code § 859b entitles them to a preliminary hearing

13  at the earliest possible time, ten days after the initial court appearance unless the matter were

14  continued, with good cause, to another date for entry of plea. *Id*. at 16. Plaintiffs argue that

15  Defendant's policy results in continuance without good cause, thwarting the statutory scheme. *Id*.

16  To the extent that entry of a plea is required to trigger the statutory scheme, Plaintiffs contend that

17  Defendant has prevented them from being able to enter their plea and has thereby forced them,

18  through inaction, to choose between their statutory speedy trial rights and their right to counsel.

19  *Id*. at 16-18.

20         Plaintiffs assert that their statutory speedy trial rights are mandatory, and create a liberty

21  interest that is protectable under the Fourteenth Amendment. *Id*. at 18. Plaintiffs note that Article

22  I, Section 13 of the California Constitution declares that, "In criminal prosecutions, in any court

23  whatever, the party accused shall have the right to a speedy and public trial." *Id*. Plaintiffs assert

24  that criminal charges brought against them must be dismissed if the preliminary hearing is set or

25  continued, absent good cause or waiver by the parties, beyond the time period for holding the

26  preliminary hearing specified by statue. *Id*. (citing *Ramos v. Superior Court*, 146 Cal.App.4th

27  719, 53 Cal.Rptr.3d 189 (2007)).

28         Third, Plaintiffs argue that Defendant prevented the magistrate from exercising

independent judgment with respect to bail. *Id*. at 19-21. Plaintiffs assert that the Supreme Court

has recognized the right to a bail hearing, and has stated that relief must be speedy. *Id*. at 19

(citing *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951)). Plaintiffs contend that, under

California law, a bail hearing must be held in open court within 48 hours. *Id*. at 19-20 (citing Cal.

Penal Code §§ 825, 1270.1). Plaintiffs state that Defendant's policy prevented the magistrate from

exercising independent judgment because it restricted the flow of information to the court

regarding any favorable information concerning Plaintiffs' circumstances in violation of California

Penal Code § 1270.1. *Id*. at 20-21 (citing *People v. Grace*, 166 Cal.App.2d 68, 79, 332 P.2d 811

(1958)). Plaintiffs contend that controlling Ninth Circuit precedent establishes that a violation

may be found where officials interfere with the magistrate's judgment, which Plaintiffs argue

happened in this case. *Id*. at 21 (citing *Galen v. County of Los Angeles*, 477 F.3d 652 (9th Cir.

2007)).

Fourth, Plaintiffs argue that Defendant is not in compliance with Government Code §

27706. *Id*. at 21-24. Plaintiffs assert that the Public Defender has an independent duty to seek

immediate appointment to represent in-custody indigent defendants. *Id*. at 22. Plaintiffs contend

that Defendant's failure to appear in the case until the continued arraignment disadvantages

criminal defendants and fails to comply with Defendant's statutory duty. *Id*. at 24.

### D.     The Reply

Defendant addresses several points in Reply. First, applying *Benford*, Defendant argues

that the initial appearance was not a critical stage. Defendant's Reply in Support of Motion to

Dismiss ("Reply"), 3-4. Defendant implies that the rights that Plaintiffs contend they lost at the

initial appearance were not alleged in the Complaint and that Plaintiffs lack standing to raise some

of those rights, as felony defendants. *Id*. at 3. In any event, Defendant argues that Plaintiffs were

able to assert each of the purportedly denied rights either at their further arraignment or thereafter.

*Id*. at 3-4 (citing Cal. Penal Code §§ 859b, 1000(b)).

Second, Defendant argues that whether Plaintiffs were forced to remain in jail until the

second appearance is irrelevant to their Sixth Amendment claim. *Id*. at 4. Defendant contends

that Plaintiffs' factual allegations do not plausibly lead to the conclusion that Plaintiffs remained

United States District Court
Northern District of California

in jail as a result of the absence of counsel at the preliminary hearing, given that they may not have been eligible for diversion or able to obtain or afford reduced bail. *Id.* Moreover, Defendant argues that the time period during which counsel must be appointed is governed primarily by the subsequent event, not the time it takes to appoint counsel. *Id.* Defendant notes that courts have approved delays of over a month in appointment. *Id.* at 4-5 (citing *Grogen v. Gautreaux*, 2012 U.S. Dist. LEXIS 120411, at \*10 (M.D. La. July 11, 2012); *Hawkins v. Montague County, Texas*, 2010 U.S. Dist. LEXIS 116361, at \*35 (W.D. Tex. Nov. 1, 2010)). Further, Defendant asserts that it had no role in determining the length of the delay because the next court date was set by the state court judge. *Id.* at 5.

Third, Defendant addresses Plaintiffs' asserted speedy trial rights. *Id.* at 5-7. Defendant states that Plaintiffs added California Penal Code § 1050 in their Opposition, but that § 1050 is by its own terms discretionary and therefore does not convey the requisite liberty interest to support a § 1983 claim. *Id.* at 6. Defendant also rejects Plaintiffs' contention that Defendant forced them to give up their speedy trial rights, arguing that those rights could have been asserted at arraignment and subsequently. *Id.*

Fourth, Defendant addresses Plaintiffs' asserted bail rights. *Id.* at 7. Defendant argues that Plaintiffs could have sought lower bail at their subsequent arraignment or later in their criminal proceedings. *Id.* (citing Cal. Penal Code §§ 1269c, 1270.1).

## IV.    ANALYSIS

### A.    Legal Standard

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).

Generally, the plaintiff's burden at the pleading stage is relatively light. Rule 8(a) requires

United States District Court
Northern District of California

a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The factual allegations must be definite enough to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

### B.     42 U.S.C. § 1983 Claims

42 U.S.C. §1983 provides a cause of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States.  § 1983 is not a source of substantive rights, but merely a method for vindicating federal rights established elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To state a claim for a violation of § 1983, a plaintiff must allege deprivation of a constitutional right by a government official acting "under the color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Plaintiffs sufficiently allege that Defendant, sued in her official capacity as the Public Defender for Contra Costa County, acted "under the color of state law." *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (allegations against public officials satisfy the state action requirement); *Miranda v. Clark County*, 319 F.3d 465, 469-71 (9th Cir. 2003) (Public Defender is a state actor for the purposes of § 1983 when acting solely as the administrative head of the agency, on behalf of the county, in determining how the overall resources of the Public Defender's office will be spent).  Nevertheless, as discussed below, the Court concludes that Plaintiff has not sufficiently alleged a cause of action pursuant to § 1983. Each of the § 1983 claims is dismissed with leave to amend.

#### 1.     Sixth Amendment Right to Counsel

The Sixth Amendment of the United States Constitution guarantees the accused, in all

12

criminal prosecutions, the right "to have the assistance of counsel for his defense."  U.S. Const. amend. VI.  The Federal Rules of Criminal Procedure require the court to advise the accused of the constitutional guarantee.  Fed. R. Crim. P. 44 ("If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel").  As described below, the Court concludes that Plaintiffs have not alleged a violation of the Sixth Amendment right to counsel.  This Court addresses only the narrow circumstances identified in the Complaint:  at the Plaintiffs' first appearance, the only thing that happened (presumably after being provided with a copy of the charges) was a request for appointment of counsel.  No other court proceedings occurred without counsel.  Whether or not there was a delay between the initial appearance and the next appearance, the only specific allegation of prejudice is the brief delay in the assertion of speedy trial rights or the right to seek a reduction of bail, release on the defendant's own recognizance, or diversion.  No rights were lost.  As alleged, counsel was present at each critical stage following attachment of the right to counsel and Plaintiffs have not plausibly alleged that their representation at a subsequent critical stage was prejudiced by any delay in appointing counsel following attachment.

### a.    Attachment

#### i.    Background Law

The Sixth Amendment right to counsel in criminal prosecutions attaches when prosecution begins.  *Rothgery*, 554 U.S. at 198-99, 128 S.Ct. 2578, 171 L.Ed.2d 366 (citing *McNeil* v. *Wisconsin*, 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991)).  Prosecution begins with the initiation of adversarial judicial criminal proceedings, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."  *Id*. at 198-99 (quoting *United States* v. *Gouveia*, 467 U.S. 180, 188, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984)).  Federal law determines what suffices as a commitment to prosecute for purposes of the attachment of the right to counsel.  *Id*. at 207 (citing  *Moran,* 475 U.S. at 429, n. 3 ("[T]he type of circumstances that would give rise to the right would certainly have a federal definition").  The right to counsel attaches at the initial appearance before a judicial officer, which is generally the hearing at which

"the magistrate informs the defendant of the charge in the complaint, and of various rights in further proceedings," and "determine[s] the conditions for pretrial release." *Id.* (citing 1 W. LaFave, J. Israel, N. King, & O. Kerr, Crim. P. § 1.4(g), p 135 (3d ed. 2007)).

### ii.       Application to Facts

Following *Rothgery*, the right to counsel in this case attached at each Plaintiff's initial appearance.  The parties agree on this point.  Motion, 5-6 ("the right to counsel attached at the initial court appearance"); Opposition, 10 ("the right to counsel attached at the initial court appearance").  At the initial court appearance, the Court asked each Plaintiff whether he could afford counsel.  Complaint, ¶¶ 31, 35.  Each responded that he could not and would like the court to appoint counsel.  *Id.*  After the right to counsel attached, the court referred Plaintiffs' cases to the Defendant and continued the arraignment to a later hearing date referred to as "further arraignment."  *Id.*  Neither Plaintiff was asked to enter a plea.  *Id.*  At the further arraignment hearing, each Plaintiff was represented by counsel and entered a plea.  *Id.* at ¶¶ 32, 36.

### b.       Critical Stage

### i.       Background Law

Once the right to counsel attaches, the accused is entitled to appointed counsel during any "critical stage" of the post-attachment proceedings.  *Rothgery*, 554 U.S. at 212, 128 S.Ct. 2578, 171 L.Ed.2d 366.  A critical stage is a "stage of a criminal proceeding where substantial rights of a criminal accused may be affected."  *Hovey v. Ayers*, 458 F.3d 892, 901 (9th Cir. 2006) (quoting *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)).  While there is no definitive list of critical stages, decisions of the United States Supreme Court identify certain stages as critical.  *See Iowa v. Tovar*, 541 U.S. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (entry of a guilty plea); *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (sentencing); *United States v. Wade*, 388 U.S. 218, 236-37, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (post-indictment lineup).  Case law also illustrates stages that are not critical.  *Gilbert v. California*, 388 U.S. 263, 267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) (taking a handwriting sample); *United States v. Ash*, 413 U.S. 300, 321, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973) (post-indictment photo lineup); *Hovey*, 458 F.3d at 902 (mid-trial hearing on the competency of

14

1  defendant's lawyer).

2       Courts decide whether a state criminal proceeding is critical by looking to the functions of

3  the proceeding under state law.  *See Hamilton v. Alabama*, 368 U.S. 52, 54, 82 S.Ct. 157, 7

4  L.Ed.2d 114 (1961) ("Whatever may be the function and importance of arraignment in other

5  jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal

6  proceeding"); *see also United States ex rel. Cooper v. Reincke*, 333 F.2d 608, 612 (2d Cir. 1964)

7  ("The Connecticut hearing in probable cause cannot, therefore, be characterized as critical as is

8  arraignment in Alabama").  The Ninth Circuit has developed a three-factor test for determining

9  whether a stage is critical.  *Menefield v. Borg*, 881 F.2d 696, 698-99 (9th Cir. 1989); *Benford*, 574

10  F.3d at 1232; *McNeal*, 623 F.3d at 1289.  Any one of these three factors may be sufficient to make

11  a stage critical:  (1) failure to pursue strategies or remedies results in a loss of significant rights;

12  (2) skilled counsel would be useful in helping the accused understand the legal confrontation; and

13  (3) the proceeding tests the merits of the accused's case.  *Menefield*, 881 F.2d at 699; *Hovey*, 458

14  F.3d at 901-02.  In reviewing the plaintiff's lack of counsel at a motion for a new trial, the

15  *Menefield* court considered the substantive rights in question and whether the presence of counsel

16  would have helped the defendant enforce those rights.  *Id.*

17                    **ii.        Application to Facts**

18       Plaintiffs' right to counsel attached at the initial court appearance.  Once each Plaintiff

19  sought appointed counsel, the court stopped the proceeding and continued the arraignment to a

20  further hearing, where the accused would be represented by counsel.  Each Plaintiff was then

21  asked to enter plea at the further arraignment hearing.  In California, arraignment consists of

22  "reading the accusatory pleading to the defendant and delivering to the defendant a true copy

23  thereof, and … asking the defendant whether the defendant pleads guilty or not guilty to the

24  accusatory pleading."  Cal. Penal Code § 988.  Plaintiffs' arraignment began at their initial

25  appearance.  It was completed at the further arraignment hearing because that is when they were

26  apprised of the charges against them and asked to enter a plea.  It is undisputed that Plaintiffs were

27

28

United States District Court
Northern District of California

represented by counsel at further arraignment, consistent with California law.[2]

Plaintiffs contend that Defendant violated Plaintiffs' constitutional right to counsel by failing to represent Plaintiffs at their first appearance, or a reasonable time thereafter.  Complaint, ¶ 47.  They argue that the initial appearance and the five-to-thirteen-day waiting period were critical stages of the proceedings.  Opposition, 11.  The core of Plaintiffs' complaint is that the five-to-thirteen-day delay before Defendant represented Plaintiffs at the arraignment hearing was "unreasonable" under the Sixth Amendment.  Complaint, ¶ 42(1).  The Court recognizes that, at some point, the delay in appointment of counsel may be so long that it amounts to a deprivation of significant rights of the accused.  The limited holding here is that, on the facts alleged in this case, no such deprivation has occurred.

The Court applies the Ninth Circuit's three-factor test to determine whether the initial appearance or the waiting period thereafter was a critical stage.  Beginning with the first factor of the Ninth Circuit's test, the absence of counsel to pursue strategies or remedies at the initial appearance (where the only event was an inquiry about the need for counsel) or in the hiatus before the next hearing did not result in a loss of significant rights to Plaintiffs.  Plaintiffs assert that they lost the rights to a prompt bail hearing and to a speedy trial.  Complaint, ¶ 42.  However, Plaintiffs could have asserted those rights at the further arraignment or later.  Indeed, Plaintiffs maintained their rights--they entered a plea at the further arraignment, Complaint, ¶¶ 32, 36; they could have requested lower bail at or after arraignment, *In re Weiner*, 32 Cal.App.4th 441, 444, 38 Cal.Rptr.2d 172 (1995) (citing Cal. Penal Code §§ 1269b, 1269c, 1273, 1277, 1476, 1538.5(k)); their speedy trial rights, including the right to a speedy preliminary examination, were still triggered by arraignment or entry of plea, Cal. Penal Code § 859b; and they could have sought diversion at arraignment, Cal. Penal Code § 1000b.  Contrary to Plaintiffs' allegations, they lost none of these rights.  Like the *Hovey* plaintiff and his mid-trial attorney competency hearing,

---

[2] California law guarantees the right to counsel at arraignment.  *People v. Cummings*, 255 Cal.App.2d 341, 345, 62 Cal.Rptr. 859 (1967); *see also* Cal. Pen Code § 987(a) ("In a noncapital case, if the defendant appears for arraignment without counsel, he or she shall be informed by the court that it is his or her right to have counsel before being arraigned, and shall be asked if he or she desires the assistance of counsel. If he or she desires and is unable to employ counsel the court shall assign counsel to defend him or her").

United States District Court
Northern District of California

1   Plaintiffs were "not at risk of permanent deprivation of any significant rights during the hearing."

2   458 F.3d at 902.  The bare allegation that they were delayed from five to thirteen days in asserting

3   those rights – until counsel could be appointed to represent them – did not amount to a deprivation

4   substantial enough to make the delay unreasonable, or a "critical stage."

5          The fact that, had counsel been appointed at or closer to the initial appearance, counsel

6   might have applied for release on bail, caused a plea to be entered, or triggered statutory speedy

7   trial rights, does not change this analysis.  Nothing happened at the initial appearance other than a

8   determination that Plaintiffs desired the appointment of counsel.  The first appearance was not,

9   therefore, a critical stage.  The state court correctly continued the matters until counsel could be

10  present.  Similarly, no rights were lost or prejudiced during the brief waiting period.  Indeed,

11  immediately after the subsequent appointment of counsel, Plaintiffs could still enter a plea, invoke

12  their statutory speedy trial rights, or seek release on bail.  Standing alone, the brief temporary

13  delay in assertion of these rights is not a sufficient deprivation to constitute a denial of their right

14  to counsel.

15         The Ninth Circuit's decision in *Benford* is instructive on this point.  There, counsel did not

16  appear at a pre-trial conference.  The defendant argued that, had counsel been present, he could

17  have moved for a continuance of the trial.  *Benford*, 574 F.3d at 1232.  The Ninth Circuit, noting

18  that "[n]othing significant occurred at the status conference," concluded that it was not a "critical

19  stage" of the proceedings.  *Id*. at 1232-33.  The court rejected the defendant's argument that his

20  counsel could have asked for a continuance of the trial at the conference, noting that counsel could

21  "have moved for a continuance before the conference or after it."

22         It is apparent from *Benford* that an appearance at which nothing happens (as is the case

23  here, where nothing occurred after the court asked whether Plaintiffs desired the appointment of

24  counsel) after which the defendant, represented by counsel, can still invoke his rights (here, their

25  statutory speedy trial rights, their right to a hearing on bail, and any right to seek a diversion) is

26  not a critical stage of the proceedings.  The same can be said of a brief waiting period – here, five

27  to thirteen days – after the initial appearance.

28         Second, skilled counsel would not have been useful in helping the accused understand the

United States District Court
Northern District of California

17

legal confrontation at the first appearance because there was no legal confrontation after the accused requested counsel.  There was also no legal confrontation during the five to thirteen days Plaintiffs waited for further arraignment.  Plaintiffs were subject to no adversarial proceeding during this time.  Nothing happened at the initial appearance after the court inquired whether counsel should be appointed or during the five-to-thirteen day waiting period to test the merits of the Plaintiffs' case.  *See Benford*, 574 F.3d at 1233 (no "legal confrontation" at the pretrial status conference, which was not a critical stage of the proceedings).

Plaintiffs cite *Hurrell-Harring v. State of New York*, 15 N.Y.3d 8, 904 N.Y.S.2d 296, 930 N.E.2d 217 (2010) as persuasive authority for the proposition that the arraignment and the time between arraignment and trial are critical stages of the prosecution.  In *Hurrell-Harring*, a number of the twenty plaintiffs were unrepresented at arraignment, jailed after bail had been set in amounts they could not afford, and remained unrepresented in subsequent proceedings where their pleas were taken.  *Hurrell-Harring*, 15 N.Y.3d at 19, 904 N.Y.S.2d 296, 930 N.E.2d 217.  Several other plaintiffs were nominally appointed counsel, but counsel was often unavailable, completely unresponsive to urgent inquiries from jail, waived important rights without consulting plaintiffs, missed court appearances, and appeared in court unprepared to proceed.  *Id*. at 19-20.

The court held that the arraignment was a critical stage of the proceedings, even where no plea was entered, because "plaintiffs' pretrial liberty interests were on that occasion regularly adjudicated."  *Id*. at 20 (citing N.Y. Crim. Proc. Law § 180.10(6) ("Upon arraignment, the court, unless it intends immediately thereafter to dismiss the felony complaint and terminate the action, must issue a securing order which, as provided in subdivision two of section 530.20, either releases the defendant on his own recognizance or fixes bail or commits him to the custody of the sheriff for his future appearance in such action") (concerning proceedings upon a felony complaint)).  The court noted that, under New York law, a court is forbidden by statute "from going forward with the [arraignment] without counsel for the defendant, unless the defendant has knowingly agreed to proceed in counsel's absence."  *Id*. at 20-21 (citing N.Y. Crim. Proc. Law § 180.10(3) ("The defendant has a right to the aid of counsel at the arraignment and at every subsequent stage of the action, and, if he appears upon such arraignment without counsel, has the

18

United States District Court
Northern District of California

following rights:  (a) To an adjournment for the purpose of obtaining counsel; and … (c)  To have counsel assigned by the court in any case where he is financially unable to obtain the same"), 180.10(5) ("If the defendant desires to proceed without the aid of counsel, the court must permit him to do so if it is satisfied that he made such decision with knowledge of the significance thereof, but if it is not so satisfied it may not proceed until the defendant is provided with counsel, either of his own choosing or by assignment")).  The court concluded that "arraignments routinely, and in New York as a matter of statutory design, encompass matters affecting a defendant's liberty and ability to defend against the charges."  *Id.* at 21.  The court also broadly held that "the period between arraignment and trial" is also a critical stage under the Sixth Amendment.  *Id.* at 21-22.

*Hurrell-Harring* is distinguishable from the present action.  In *Hurrell-Harring*, the court's holding relied on the fact that a number of pretrial liberty interests were adjudicated at the arraignment, at which the right to counsel attached, without the presence of counsel.  Here, no pretrial liberty interests were adjudicated in the initial appearance, or in the following days, in the absence of counsel.  Rather, the arraignment was continued to allow for the appointment of counsel.  Indeed, this procedure is not facially inconsistent with the New York statutory framework on which the holding in *Hurrell-Harring* was based.  Moreover, the present case involves only a five-to-thirteen day waiting period for the appointment of counsel during which nothing happened to test the merits of Plaintiffs' case, not a denial of counsel throughout the much longer time period between arraignment and trial.

*DeWolfe v. Richmond*, __ Md. __, __ A.3d __, 2012 WL 10853 (Jan. 4, 2012), cited by Plaintiffs, is also distinguishable.  In *DeWolfe*, the court held that, pursuant to Maryland state law, the public defender was required to represent a criminal defendant at the bail hearing portion of their initial appearance.  *DeWolfe*, __ Md. __, __ A.3d __, 2012 WL 10853 at *13.  Thus, the court held that the bail hearing may not occur at the initial appearance, assuming the defendant qualified for public defender representation, unless counsel had been appointed or the defendant waived the right to counsel.  *Id.* at *17.  "If a public defender is not immediately available to assume representation, then the Commissioner must delay the bail hearing until such representation can be provided or is waived by the defendant."  *Id.*   In reaching its conclusion, the court repeatedly

stated that the relevant Maryland state law it was interpreting affords broader protection than the Sixth Amendment. *Id.* at *7, *9-*11. First, *DeWolfe* differs from the present case in that involves only the interpretation of Maryland state law. Second, *DeWolfe* differs in that a bail hearing was held in the absence of counsel. Moreover, the facts of this case appear consistent with the statement in *DeWolfe* that the Commissioner must delay the portion of the initial appearance that constituted a critical stage, the bail hearing, until representation could be provided to a qualifying defendant. That is what was done in this case.

### c.      Length of Delay and Prejudice

Because the Court finds that the portion of the initial appearance after the accused requested counsel and the five-to-thirteen-day waiting period were not critical stages, the first critical stage after attachment of the right to counsel was the further arraignment. The Court now examines whether Plaintiffs' have sufficiently alleged that their Sixth Amendment rights were violated with respect to the timing of representation for the further arraignment and concludes that they have not.

### i.      Background Law

Though Rothgery requires the appointment of counsel within a reasonable time to allow for adequate representation at any critical stage after attachment, it does not address the issue of how much time is reasonable before counsel is appointed. *Rothgery*, 554 U.S. at 212 n.15, 128 S.Ct. 2578, 171 L.Ed.2d 366 ("We do not here purport to set out the scope of an individual's postattachment right to the presence of counsel. It is enough for present purposes to highlight that the enquiry into that right is a different one from the attachment analysis"). After *Rothgery*, federal district courts have three times addressed the issue of whether a delay in the appointment of counsel is reasonable. In all three cases, the district court has declined to find the delay – forty days, two months, and an unspecified period – unreasonable without proof of actual prejudice:

> Finally, although the right to counsel under the Sixth Amendment attaches at the time of an arrestee's initial appearance, <u>Rothgery v. Gillespie County, Texas</u>, 554 U.S. 191, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008), neither the Supreme Court nor the Fifth Circuit has determined that counsel must be appointed within a specific period of time thereafter. … All that the plaintiff has alleged in this case is

> that he was not provided with appointed counsel for a period of forty (40) days after his arrest. He fails to allege, however, that he suffered any actual prejudice as a result of this delay or that, had an attorney been appointed at an earlier time, a meritorious defense might have been asserted resulting in his release or in the dismissal of the charges levied against him. … Accordingly, in the absence of any assertion of prejudice resulting from the alleged delay, this Court concludes that the alleged 40-day delay in the appointment of counsel was not so unreasonable as to result in a Sixth Amendment violation.

*Grogen*, 2012 U.S. Dist. LEXIS 120411 at *9-*10; *see also Hawkins*, 2010 U.S. Dist. LEXIS 116361 at *35 ("The Court finds that the approximate two-month delay in receiving court-appointed counsel fails to rise to the level of a constitutional violation based on the Sixth Amendment."); *Wingo v. Kaufman County*, 2010 U.S. Dist. LEXIS 55865, *2-*3 (N.D. Tex. June 4, 2010) ("The court can not determine from plaintiff's complaint … whether the delay in appointment of counsel was reasonable or whether plaintiff suffered any prejudice from the delay.").

### ii.      Application to Facts

The district court decisions in *Grogen*, *Hawkins*, and *Wingo* make clear that, although there is no specific timeframe that federal courts have deemed reasonable for appointment of counsel post-attachment, a court faced with making a reasonableness decision needs to analyze prejudice to the accused that results from delay in appointment of counsel. *See Grogen*, 2012 U.S. Dist. LEXIS 120411 at *9-*10; *Hawkins*, 2010 U.S. Dist. LEXIS 116361 at *35; *Wingo*, 2010 U.S. Dist. LEXIS 55865 at *2-*3. Moreover, even if the specific timeframes in the previous district court cases were applied here, the five-to-thirteen-day delays of which Plaintiffs complain are significantly smaller delays than the forty-day and two-month delays the other district courts found permissible.

Plaintiffs do not suggest a bright-line rule regarding how quickly counsel should be appointed. However, in arguing that they lost rights during the delay, they argue that they were prejudiced. As discussed above in the *Menefield* factors, the Court is not persuaded that Plaintiffs were prejudiced by the delay. During the waiting period, Plaintiffs did not lose any of the rights they enumerate, nor did any adversarial action take place that affected the merits or resolution of

United States District Court
Northern District of California

21

their cases.  When adversarial proceedings took place at the further arraignment, Plaintiffs were represented.

Plaintiffs also make a conclusory allegation that they were prejudiced because the delay hindered their investigation and preparation for trial.  Opposition, 10, 13.  Plaintiffs make no specific allegations on this matter nor do they explain how their trial preparation was hindered.  Plaintiffs had no less time to prepare for trial than they would have had if counsel had been appointed a few days before or after the time counsel was actually appointed because, as discussed in greater detail below, the preliminary hearing and trial are scheduled from the date of arraignment.  There is no indication that Plaintiffs' wait for appointment of counsel influenced the scheduling of post-arraignment procedures, including trial, in such a way that reduced the number of days available to them for trial preparation.  Prejudice to a defendant's fair adjudication may stem, for example, from delays that "weaken the defense through the dimming of memories, the death or disappearance of witnesses, and the loss or destruction of evidence."  *See People v. Martinez*, 22 Cal. 4th 750, 767, 94 Cal.Rptr.2d 381, 996 P.2d 32 (2000).  However, Plaintiffs do not allege that they suffered any such impediments.

According to Plaintiffs, failing to treat the five-to-thirteen-day waiting period as a critical stage would mean that Defendant could delay appointment of counsel for an indefinite period of time after the initial hearing without violating the Sixth Amendment right to counsel.  Opposition, 11.  Plaintiffs rely on *Sullivan v. County of Los Angeles* to highlight the absurdity of such a position: postponing appointment of counsel for ninety-nine years would still not give a plaintiff a basis for redress.  12 Cal.3d 710, 718-19, 117 Cal.Rptr. 241, 527 P.2d 865 (1974).  Plaintiffs are mistaken in this logic.  As described above, the Court only addresses the delay at issue in this case, five to thirteen days.  At some point, a lengthy delay, or a delay accompanied by other events, may indeed constitute a deprivation of a defendant's Sixth Amendment rights.  But not here.  Taking the facts as Plaintiffs allege them to be true, the Court finds that Plaintiffs' Sixth Amendment claim lacks merit and it is DISMISSED with leave to amend.

### 2.   Fourteenth Amendment Claims – Statutory Speedy Trial Rights

In their second and third causes of action, Plaintiffs assert that Defendant violated their

United States District Court
Northern District of California

substantive and procedural due process rights under the Fourteenth Amendment by depriving Plaintiffs of their state law speedy trial rights.  Plaintiffs seek damages pursuant to 42 U.S.C. § 1983.  For the reasons discussed below, Plaintiffs' second and third causes of action are DISMISSED with leave to amend.

### a.     Background Law

"Unless there is a breach of constitutional rights, … § 1983 does not provide redress in federal court for violations of state law."  *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) (quoting *Schlette v. Burdick*, 633 F.2d 920, 922 n.3 (9th Cir. 1980)).  "[N]ot every violation of state law amounts to an infringement of constitutional rights."  *Id.*

Plaintiffs seek to assert their statutory speedy trial rights, provided by the state of California, through the Fourteenth Amendment.  The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law…"  U.S. Const. amend. XIV, § 1.  The Fourteenth Amendment contains both procedural and substantive due process protections.  *United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

### i.     Procedural Due Process

Courts analyze procedural due process claims in two steps:  "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient."  *Carver*, 558 F.3d at 872 (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)).

"A liberty interest may arise from either of two sources:  the due process clause itself or state law."  *Id.* (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986)).  "[T]o create a liberty interest protected by due process, the state law must contain:  (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates are met."  *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995), *cert. denied*, 516 U.S. 1051, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996) (internal quotation marks and citations omitted).  Where "[t]he only mandatory language in [the state

23

statute at issue] concerns a procedural right …[, t]hat language cannot create a liberty interest within the meaning of the Fourteenth Amendment because expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause of the Fourteenth Amendment." *Carver*, 558 F.3d at 875 (internal quotation marks, footnote, italics, and citations omitted); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1156 (9th Cir. 2012) ("to contain the requisite 'substantive predicates,' 'the state law at issue must provide more than merely procedure, it must protect some substantive end'") (quoting *Bonin*, 59 F.3d at 842).

### ii.    Substantive Due Process

Substantive due process limits what the government may do in its legislative and executive capacities.  *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).  "[A] substantive due process claim 'must, as a threshold matter, show a government deprivation of life, liberty, or property.'"  *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) (quoting *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)).

Substantive due process protects against the arbitrary or oppressive exercise of governmental power.  *See County of Sacramento v. Lewis*, 523 U.S. at 845-46, 118 S.Ct. 1708, 140 L.Ed.2d 1043.  "[T]he Due Process Clause is violated by executive action only when it can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense."  *Id*. at 847 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)) (internal quotation marks omitted).  The cognizable level of executive abuse of power is that which "shocks the conscience" or "violates the decencies of civilized conduct."  *Id*. at 846.

### iii.    Statutory Speedy Trial Rights

California Penal Code §§ 1049.5 and 1382 create a right to speedy trial; the right to a speedy preliminary hearing arises from California Penal Code § 859b.  California Penal Code § 1050 provides the procedure for granting continuances.[3]  The clock for speedy trial determinations and for preliminary hearings begins to run at either arraignment or entry of plea, depending on the

---

[3] § 1050 "is directory only and does not mandate dismissal of an action by its terms." Cal. Penal Code § 1050(l).

United States District Court
Northern District of California

statute.

> In felony cases, the court shall set a date for trial which is *within 60 days of the defendant's arraignment* in the superior court unless, upon a showing of good cause as prescribed in Section 1050, the court lengthens the time. If the court, after a hearing as prescribed in Section 1050, finds that there is good cause to set the date for trial beyond the 60 days, it shall state on the record the facts proved that justify its finding.

Cal. Penal Code § 1049.5 (emphasis added).

> (a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: …
> (2) In a felony case, when a defendant is not brought to trial *within 60 days of the defendant's arraignment*…
> (3) Regardless of when the complaint is filed, when a defendant in a misdemeanor or infraction case is not brought to trial *within 30 days after he or she is arraigned or enters his or her plea*, whichever occurs later, if the defendant is in custody at the time of arraignment or plea, whichever occurs later, or in all other cases, *within 45 days after the defendant's arraignment or entry of the plea*, whichever occurs later…

Cal. Penal Code § 1382 (emphasis added).

> Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held *within 10 court days of the date the defendant is arraigned or pleads*, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated…
> …
> The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings … unless the defendant personally waives his or her right to a preliminary examination within 60 days.

Cal. Penal Code § 859b (emphasis added).

In California, arraignment is defined by California Penal Code § 988, which provides that arraignment consists of "reading the accusatory pleading to the defendant and delivering to the defendant a true copy thereof, and  … asking the defendant whether the defendant pleads guilty or not guilty to the accusatory pleading."  Determining whether or not a statutory speedy trial right

has been violated involves determining the number of days between the time the accused was arraigned (apprised of charges and asked to enter a plea) and the time of trial. *People v. Benhoor*, 177 Cal.App.4th 1308, 1316, 99 Cal.Rptr.3d 827 (2009) ("section 1382 enforces the speedy trial right with specific deadlines measured by days after certain events, including arraignment, declaration of a mistrial or entry of an order granting a new trial"); see also *Craft v. Superior Court*, 140 Cal.App.4th 1533, 1546, 44 Cal.Rptr.3d 912 (2006) (section 1382a "enforces the speedy trial right with deadlines measured by days before or after arraignment or other prosecution events"). Where the accused faces an unexcused delay beyond the period set by California Penal Code § 1382 (sixty days after arraignment or entry of plea for felonies, thirty days after arraignment or entry of plea for misdemeanors), he or she is entitled to dismissal of the criminal charge. *Martinez*, 22 Cal.4th at 766, 94 Cal.Rptr.2d 381, 996 P.2d 32 (quoting *People v. Godlewski,* 22 Cal.2d 677, 682, 140 P.2d 381 (1943)). Prior to the attachment of statutory speedy trial rights, protection for criminal defendants against unreasonable and prejudicial delays arises from the California constitution as well as the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution. *Benhoor*, 177 Cal.App.4th at 1316 n.8, 1317, 99 Cal.Rptr.3d 827 (citing *Serna v. Superior Court*, 40 Cal.3d 239, 251, 219 Cal.Rptr. 420, 707 P.2d 793 (1985); *Martinez*, 22 Cal.4th at 766-67).

### b.      Application to Facts

In their Complaint, Plaintiffs do not identify the source of the statutory speedy trial rights on which they predicate two of their Fourteenth Amendment due process claims. In their Opposition, they rely on California Penal Code §§ 859b and 1050. Defendant also addresses the speedy trial rights set forth in California Penal Code §§ 1382 and 1049.5. Whether or not the statutory scheme created a constitutionally protected liberty interest, Plaintiffs have not adequately pled a violation of their statutory speedy trial rights. Therefore, their Fourteenth Amendment claims relying on those statutory violations fail.

Each Plaintiff's arraignment was complete when they were asked to enter a plea at the further arraignment hearing, in accordance with the definition of arraignment under California state law. *See* Cal. Penal Code § 988. Plaintiffs assume that the initial hearing, rather than the

United States District Court
Northern District of California

1    further arraignment, was the arraignment.  *See* Opposition, 16 (time for preliminary hearing under

2    California Penal Code § 859b would be ten days after initial court appearance).  However,

3    arraignment was not complete at the initial hearing because neither Plaintiff was asked to enter a

4    plea.  *Id.*; Complaint, ¶¶ 31-32; 35-36.  Only when Plaintiffs had been apprised of the accusations

5    against them, given a copy of the accusations, and asked to enter a plea were they arraigned.  *See*

6    Cal. Penal Code § 988.

7         Plaintiffs bolster their arguments about illegal speedy trial delays with legal authorities that

8    are distinguishable from the present case.  Plaintiffs rely on *People v. Johnson* for the premise that

9    the government cannot use the scarcity of public resources as a justification for delaying

10   appointment of counsel.  26 Cal.3d 557, 571-72, 162 Cal.Rptr. 431, 606 P.2d 738 (1980).

11   However, the *Johnson* court was considering a post-arraignment delay, unlike the case at hand.

12   *Id.* at 563, 571-72.  *Johnson* is not instructive to the Court on the matters currently before it.

13        Plaintiffs also argue that they were subject to an illegal gratuitous delay, citing *Youngblood*

14   *v. Gates*, 200 Cal.App.3d 1302, 1311-12, 246 Cal.Rptr. 775 (1988).  However, the question in

15   *Youngblood* was whether the government had violated the two-day timeframe for taking arrestees

16   before a magistrate.  *Id.* at 1309.  In the present case, Plaintiffs have not alleged such a violation.

17   The other legal authorities cited by Plaintiffs do no better than *Johnson* and *Youngblood* in

18   shedding light on the issue raised by the present case.

19        Plaintiffs do not allege any delay *after* the completion of arraignment or the entry of their

20   plea.  Thus, they have not alleged:  (1) that a preliminary examination was not held "within 10

21   court days of the date [Plaintiffs were] arraigned or [pled], whichever occurs later[;]" (2) that "the

22   preliminary examination [was] set or continued more than 60 days from the date of the

23   arraignment, plea, or reinstatement of criminal proceedings[;]" (3) that the court failed to "set a

24   date for trial which is within 60 days of [Plaintiffs'] arraignment in the superior court[;]" or (4)

25   that the procedures in § 1050 were triggered.  *See* Cal. Penal Code §§ 859b, 1049.5, 1050, 1382.

26   Accordingly, Plaintiffs have not alleged any deprivation of their statutory rights to a speedy trial

27   and preliminary hearing due to delay that occurred prior to the completion of their arraignment.

28   The Court concludes as a matter of law that Plaintiffs have failed to state a violation of statutory

speedy trial rights under California state law.  Therefore, Plaintiffs have suffered no violation of state statutory rights to a speedy trial on which to base a claim for a violation of the Fourteenth Amendment.  Plaintiffs' second and third causes of action are premised solely on the alleged violation of their state statutory speedy trial rights.  Accordingly, Defendant's Motion to Dismiss Plaintiffs' second and third causes of action is GRANTED.  Plaintiffs will be given leave to amend.

### 3.        Fourteenth Amendment Claim – Denial of Prompt Bail Hearing

As discussed below, Plaintiffs' fourth cause of action, a Fourteenth Amendment procedural due process claim predicated on the alleged denial of a prompt bail hearing, is dismissed with leave to amend.

### a.        Background Law

### i.        Procedural Due Process

The procedural due process protections afforded by the Fourteenth Amendment are described above.

### ii.        Asserted Right to a Prompt Bail Hearing

The Eighth Amendment states:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments be inflicted."  U.S. Const. amend. VIII.  The California Constitution also supplies a right to bail, with exceptions for capital crimes and felony offenses where certain conditions are met.  Cal. Const. art. 1, § 12.  To prevail on a claim that the bail set for Plaintiffs violated the excessive bail clause of the Eighth Amendment, Plaintiffs must demonstrate that their bail was enhanced for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set.  *Galen*, 477 F.3d at 661.  California Penal Code § 1269b(c) provides in relevant part that:  "It is the duty of the superior court judges in each county to prepare, adopt, and annually revise a uniform countywide schedule of bail for all bailable offenses…"  Cal. Penal Code § 1269b(c).  "If a defendant has appeared before a judge of the court on the charge contained in the complaint, indictment, or information, the bail shall be in the amount fixed by the judge at the time of the appearance.  If that appearance has not been made, the bail shall be in the amount fixed in the warrant for arrest

United States District Court
Northern District of California

1   or, if no warrant for arrest has been issued, the amount of bail shall be pursuant to the uniform

2   countywide schedule of bail for the county in which the defendant is required to appear,

3   previously fixed and approved…"  Cal. Penal Code § 1269b(b).

4       "California vests judicial officers with the exclusive authority to enhance or reduce bail."

5   *Galen*, 477 F.3d at 663 (citing Cal. Penal Code § 1269c).  § 1269c provides:

6       If a defendant is arrested without a warrant for a bailable felony offense or for the
        misdemeanor offense of violating a domestic violence restraining order, and a peace
7       officer has reasonable cause to believe that the amount of bail set forth in the schedule
        of bail for that offense is insufficient to ensure the protection of a victim, or family member
8       of a victim, of domestic violence, the peace officer shall prepare a declaration under
        penalty of perjury setting forth the facts and circumstances in support of his or her belief
9       and file it with a magistrate, as defined in Section 808, or his or her commissioner, in the
        county in which the offense is alleged to have been committed or having personal
10      jurisdiction over the defendant, requesting an order setting higher bail.  Except where a
        defendant is charged with an offense listed in subdivision (a) of Section 1270.1, the
11      defendant, either personally or through his or her attorney, friend, or family member, also
        may make application to the magistrate for release on bail lower than that provided in the
12      schedule of bail or on his or her own recognizance.  The magistrate or commissioner to
        whom the application is made is authorized to set bail in an amount that he or she deems
13      sufficient to ensure the defendant's appearance or to ensure the protection of a victim, or
        family member of a victim, of domestic violence, and to set bail on the terms and
14      conditions that he or she, in his or her discretion, deems appropriate, or he or she may
        authorize the defendant's release on his or her own recognizance.  If, after the application
15      is made, no order changing the amount of bail is issued within eight hours after booking,
        the defendant shall be entitled to be released on posting the amount of bail set forth in the
16      applicable bail schedule.

17

18

19   Cal. Penal Code § 1269c.  As to the offenses listed in § 1270.1, which are serious or violent

20   felonies, that section provides in relevant part:

21      (a)  Except as provided in subdivision (e), before any person who is arrested for any of the
        following crimes may be released on bail in an amount that is either more or less than the
22      amount contained in the schedule of bail for the offense, or may be released on his or her
        own recognizance, a hearing shall be held in open court before the magistrate or judge…
23      (b)  The prosecuting attorney and defense attorney shall be given a two-court-day written
        notice and an opportunity to be heard on the matter.  If the detained person does not have
24      counsel, the court shall appoint counsel for the purposes of this section only.  The hearing
        required by this section shall be held within the time period prescribed in Section 825.
25

26

27   Cal. Penal Code § 1270.1(a)-(b).

28       California judicial officers' exclusive authority to enhance or reduce bail is constrained in

United States District Court
Northern District of California

29

1   that the judicial officer is required to take into consideration several factors.  *See* Cal. Penal Code

2   §§ 1270.1(c); 1275.  Addressing law enforcement personnel, the Ninth Circuit held:  "Pursuant to

3   traditional tort law principles of causation, which we apply to § 1983 claims, … a judicial officer's

4   exercise of independent judgment in the course of his official duties is a superseding cause that

5   breaks the chain of causation linking law enforcement personnel to the officer's decision…"

6   *Galen*, 477 F.3d at 663 (internal citations omitted).

7         "When a person is detained in custody on a criminal charge prior to conviction for want

8   of bail, that person is entitled to an automatic review of the order fixing the amount of bail by the

9   judge or magistrate having jurisdiction of the offense.  That review shall be held not later than five

10  days from the time of the original order fixing the amount of bail on the original accusatory

11  pleading.  The defendant may waive this review."  Cal. Penal Code § 1270.2.  Thereafter, "the

12  issue of appropriate bail may be raised at various times throughout the criminal proceedings."  *In*

13  *re Weiner*, 32 Cal.App.4th at 444, 38 Cal.Rptr.2d 172(citing Cal. Penal Code §§ 1269b, 1269c,

14  1273, 1277, 1476, 1538.5(k)).

15                      **b.      Application to Facts**

16        The basis for Plaintiffs' claim for denial of a prompt bail hearing is opaque.  Plaintiffs have

17  not alleged when bail was set or that bail was not set, the amount of bail that was set, any facts

18  showing that the amount was excessive, the conclusion that the amount was excessive, or whether

19  they took any action to reduce the bail.  It appears that Plaintiffs' theory is as follows:  (1)

20  Defendant did not provide counsel at the first appearance; as a result (2) Defendant did not seek a

21  reduction in bail at the first appearance; and, as a further result (3) Plaintiffs were unable to seek a

22  reduction of bail until at least five to thirteen days later, when Defendant provided counsel at the

23  second appearance.  This theory does not state a claim on which relief can be granted.

24        First, assuming Plaintiffs have pled a violation of federal law, Plaintiffs have not pled facts

25  that give rise to the plausible inference that Defendant's conduct caused them any harm.  *See*

26  *Galen*, 477 F.3d at 663 ("we apply [traditional tort principles of causation] to § 1983 claims").

27  That is, Plaintiffs have not pled that, if Defendant had (1) provided counsel at the first appearance;

28  and (2) sought a reduction in bail, Defendant would have obtained a reduction in bail such that

United States District Court
Northern District of California

Plaintiffs would have been able to secure release.

Second, Plaintiffs have not pled a violation of the Eighth Amendment.  That is, Plaintiffs have not pled their bail was enhanced for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set.  *See id.* at 661.

Third, Plaintiffs have not pled a violation of the due process clause of the Fourteenth Amendment predicated on any interest provided by state law.  In their briefing, Plaintiffs point only to California Penal Code § 1270.1.  They argue that § 1270.1 entitles them to a bail hearing, with counsel that is appointed within 48 hours.  Opposition, 20.  Whether or not this characterization is accurate, and whether or not Plaintiffs have pled facts sufficient to allege a violation of the statute, California Penal Code § 1270.1 does not create a liberty interest that is cognizable under the due process clause of the Fourteenth Amendment.  Rather, the statute concerns a hearing before which the arrestee, arrested for an enumerated offense, "may be released on bail in an amount either more or less than the amount contained in the schedule of bail for the offense, or may be released on his or her own recognizance."  *See* Cal. Penal Code § 1270.1.  The statute at issue is procedural, it mandates no substantive outcome.  *See Marsh*, 680 F.3d at 1156; *Carver*, 558 F.3d at 875.

Plaintiffs also argue that the right to a prompt bail hearing is protected directly by the due process clause of the Fourteenth Amendment.  Plaintiffs argue that "the loss of liberty occasioned by excessive bail is a grievous loss entitling a defendant to 14th Amendment due process protection."  Opposition, 19 (emphasis omitted).  As noted above, Plaintiffs have not alleged that any bail imposed was excessive.  Nor have they cited authority holding that a delay of five to thirteen days in a bail hearing would violate the Fourteenth Amendment.  Plaintiffs' fourth cause of action is DISMISSED with leave to amend.

**C.     Remaining State Law Claims**

Under state law, Plaintiffs seek damages for an alleged violation of the California Unruh Civil Rights Act and seek a writ of mandate to compel Defendant to comply with California Government Code § 27706.  *See* Cal. Civ. Code §§ 51 *et seq.*, 52, 52.1; Cal. Gov. Code § 27706.  The Court has jurisdiction over this action on the basis of the federal questions raised by the

Complaint.  *See* 28 U.S.C. § 1331.  The Court's jurisdiction over the remaining state law claims relies on its supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).  Having dismissed all claims over which it has original jurisdiction, the court declines to exercise its supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiffs' fifth and sixth causes of action are DISMISSED with leave to amend for lack of subject matter jurisdiction.

**V.      CONCLUSION**

For the foregoing reasons, Plaintiffs' Complaint is dismissed with leave to amend.

IT IS SO ORDERED.

Dated: May 8, 2013

_____

JOSEPH C. SPERO
United States Magistrate Judge